MELVILL WILSON *vs.* RICHARD GRIFFITH, Treasurer, &c.

The act of the legislature of March 4th, 1848, which provides for the payment of the Planters Bank bonds, by appropriating the sinking fund to that purpose, did not expressly declare that the treasurer of the State should make payment out of said fund, without a warrant from the auditor of public accounts.

In the act of March 2d, 1833, (Hutch. Code, 397,) it is made unlawful for the treasurer to pay or receive any money on account of the State, but on a warrant certified by the auditor, unless the legislature shall expressly declare in the particular case that the claim shall not be audited.

This act is continued in force by the act of February, 1844, (Hutch. Code, 403,) and the treasurer was justified in refusing to pay the coupon, without the

warrant of the auditor; and *held*, the court did not err in refusing the application for a mandamus.

In error from the circuit court of Warren county; Hon. P. W. Tompkins, judge.

The facts of the case are simply, that Melvill Wilson, the holder of a Planters Bank bond, with coupons of interest attached thereto of $30 each, due and unpaid from the 1st of March, 1841, to the 1st of March, 1850, inclusive, presented the same to the treasurer of the State, Richard Griffith, and demanded payment of the two coupons first falling due; namely, those due on the 1st of March and September, 1841, out of the sinking fund then in the treasury, in pursuance to the act of appropriation, approved March 4th, 1848. Payment was refused by the treasurer, and Wilson applied for a mandamus against him in the circuit court of Warren county. The rule was granted, and upon the return made, the writ of mandamus was disallowed by the court; from which decision of the court Wilson prayed a writ of error to this court.

*Guion & Baine*, for appellant.

*E. W. F. Sloan*, on the same side.

*D. C. Glenn*, attorney-general, for the appellee.

Mr. Justice YERGER delivered the opinion of the court.

This was an application for a mandamus to compel the treasurer to pay the plaintiff in error the amount of two " coupons " of interest on bonds issued by the State on account of the Planters Bank.

The claim was made under the act of March 4, 1848, entitled " An act to provide for the payment of the Planters Bank bonds and coupons issued by the State," &c. That act appropriated the sinking fund then in the State treasury, and whatever of said fund might afterwards come into the treasury, to the payment of the coupons for interest issued by the State on account of the Planters Bank. The third section provides that no

coupon shall be paid, unless the same is presented attached to the bond, and cut from the bond by the State treasurer. It is contended by the treasurer, that he by law cannot make payment out of the sinking fund for the purposes specified in the act, without the warrant of the auditor.

Upon looking at the act itself, it would seem to be a reasonable inference, that the legislature did not intend to compel the party claiming under this act to apply for a warrant from the auditor, before he could demand payment of the treasurer. He is required to present the coupon attached to the bond, and the treasurer, on paying, is required to cut the same from the bond; and it would seem that the coupon would be a sufficient warrant to justify payment. But the act does not expressly declare that payment shall be made, without warrant from the auditor. And according to the act of March 2, 1833, it is made " unlawful for the treasurer to pay or receive any money on account of the State, but on the warrant or certificate of the auditor of public accounts, unless in a case where any future act of the legislature shall in express words, and not by implication, inference, or construction only, declare that in that case it is to be understood as the intention of the legislature, that the claim specified by such act shall not be audited in the regular course." Hutch. Code, 397.

This act is continued in force by the act of February, 1844. Hutch. Code, 403. Although by implication we may infer, that the legislature intended to dispense with a warrant in this case, yet as the act does not in express words do so, we think the treasurer was justified in refusing to pay, without the auditor's warrant. There was not, in our opinion, any error in the court below refusing to allow the mandamus against the treasurer, and we affirm the judgment.

Judgment affirmed.